UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ESTATE OF RICHARD FRUSHER and CECELIA FRUSHER, Administrator of the Estate of Richard Frusher | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-475 |
| ABT ASSOCIATES, INC., Alias | ) | |
| Defendants. | ) | |

**ANSWER**

Defendant Abt Associates, Inc. ("Abt") hereby responds to the Complaint as follows:

**"Count I"**

1. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. With respect to the allegations in paragraph 2, Abt admits that its principal place of business is at the address given and admits that it was the employer of Richard Frusher, but only until 1975. The remaining allegations are denied.

3. The allegations in paragraph 3 are admitted.

**"Count II"**

4. Abt incorporates by reference its responses to the foregoing allegations in the Complaint.

5. Abt admits the allegations in the first sentence of paragraph 5. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 5.

6. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Abt denies the allegations of paragraph 7 as stated and refers plaintiff to the referenced document for its terms.

8. Abt denies the allegations in paragraph 8.

9. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 10 concerning when Plaintiff learned the items noted. With regard to the third sentence, Abt lacks knowledge as to whether Plaintiff became aware that another underwriter had been selected.

11. Abt denies the allegations in the first and third sentences of paragraph 11. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

12. Abt denies the allegations in paragraph 12.

**"Count III"**

**"Health Insurance"**

13. Abt incorporates by reference its responses to the foregoing allegations.

14. Abt denies the allegations in paragraph 14 as stated and refers Plaintiff to the referenced document for its terms.

15. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Abt denies the allegations in paragraph 16 as stated and refers Plaintiff to the referenced document for its terms.

17. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17. The allegations in the second sentence are unintelligible; Abt therefore makes no response. Abt denies the allegations in the third and fourth sentences.

18. Abt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18. Abt denies the remaining allegations in this paragraph.

**Count III[sic]**

13. [sic] Abt incorporates by reference its responses to the foregoing allegations.

14. [sic] Abt denies the allegations of paragraph 14 [sic] as stated and refers Plaintiff to the referenced document for its terms.

15. [sic] Abt denies the allegations of paragraph 15 [sic].

**First Affirmative Defense**

The Complaint fails in whole or part to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The claims in the Complaint are barred in whole or in part by the applicable statutes of limitations.

**Third Affirmative Defense**

The claims in the Complaint are barred by the doctrine of laches.

**Fourth Affirmative Defense**

The claims in the Complaint are barred by the doctrines of waiver and estoppel.

**Fifth Affirmative Defense**

Plaintiff lacks standing.

**Sixth Affirmative Defense**

If the Plaintiff sustained damages as alleged, then such damages were caused by the acts and or omissions of other parties for whose conduct defendant was not legally responsible.

WHEREFORE, Abt requests that the Complaint be denied with prejudice and that Abt be awarded its costs and reasonable attorney fees.

ABT ASSOCIATES, INC.,

By Its Attorneys

/s/ Mark A. Pogue
Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200
401.276-6611 Telecopy

**Certificate of Service**

I hereby certify that on this 1st day of February, 2008 a copy of the foregoing Answer was served by ECF to:

Seth A. Perlmutter, Esq.
Perlmutter Law
949 Park Avenue
Cranston, RI 02910

/s/ Mark A. Pogue