UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ESTATE OF RICHARD FRUSHER
and CECELIA FRUSHER, Administrator
of the Estate of Richard Frusher

VS. C.A. NO. P07-475

Abt ASSOCIATES, INC.
Alias

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

ESTATE OF RICHARD FRUSHER
and CECELIA FRUSHER, Administrator
of the Estate of Richard Frusher

VS. C.A. NO. P07-

Abt ASSOCIATES, INC.
Alias

COMPLAINT
COUNT I

1. Plaintiff is the Administrator of the Estate of Richard Frusher who died on 10/12/05 being domiciled in Cranston, RI.

2. Upon information and belief, the Defendant Abt Associates is a Massachusetts corporation with its principal place of business located at 55 Wheeler Street, Cambridge, MA 02138 and was the Plaintiff's employer at all times material to the facts contained in this complaint.

3. The amount in controversy between the Plaintiff and Defendant is sufficient to confer jurisdiction upon this Honorable Court.

COUNT II

4. Plaintiff reasserts its allegations contained in paragraphs 1 through 3 of Plaintiff's Complaint as if fully set forth herein.

5. Plaintiff avers that Richard Frusher was engaged as an employee of Abt Associates, Inc., becoming employed on December 18, 1972 as a research analyst. Your Plaintiff further avers that as a part of his benefit package with the Defendant he received life insurance underwritten through the Paul Revere Life Insurance Company of Worcester, MA, to wit, Policy No. G6196 and further corresponding to Family Certificate No. 299 as issued by the Defendant.

6. Your Plaintiff avers that on or about December 6, 1974 while in the employ of the Defendant, decedent Richard Frusher became totally disabled by reason of mental disease or defect.

7. Pursuant to the employee handbook as posed by Abt Associates regarding payment of life insurance, disability insurance and health insurance, the following is quoted: "Total Disability: If you become totally disabled prior to reaching age 60, your life insurance will be continued without any cost to you while you remain totally disabled

provided proof of total and continuous disability is furnished from year to year as required. Should you cease to be totally disabled and not return to employ, your life insurance will terminate but you will have the right to change it to an individual policy as later described".

8. Your Decedent becoming totally disabled on December 6, 1974 remained in the employ of Abt Associates and was terminated by Abt Associates, without cause, on October 1, 1975 and further was terminated without notice of termination and the letter was forwarded to the Paul Revere Insurance Company terminating the Plaintiff's life insurance policy. At no time was the Plaintiff given any opportunity to convert the policy nor was Plaintiff or Plaintiff's representative notified of the termination.

9. Your Plaintiff died on October 12, 2005 and thereafter his widow, Cecelia Frusher, applied for benefits pursuant to the life insurance policy believed to be in existence.

10. Upon filing the application for benefits, it was then learned that the decedent, according to the company, had been terminated from employment on October 1, 1975 and thus no benefits would be paid. Further your Plaintiff learned that all life insurance policies held by Abt Associates, Inc., with Paul Revere Insurance Company were terminated in October of 1978, the company having changed underwriters to UNIUM Insurance Company. Once again, Plaintiff was never notified of any such change.

11. Your Plaintiff avers that the cancellation of his insurance was not effective, as the employee never received any termination letter. Further Plaintiff continued to receive disability insurance payments through the employer's disability insurer for thirty years subsequent to his going out on disability and never returning to work. If Plaintiff was terminated, these benefits would have also been terminated. In consequence and in detrimental reliance upon receiving disability benefits, the employee had every reason to believe that he was never terminated from the company; first, by reason of the fact that he never received a termination notice and secondly, and more importantly, by reason of the fact that he continued to collect company disability benefits until his death.

12. Your Plaintiff avers that the Defendant breached its contract to your Plaintiff in terminating without notice his life insurance and in consequence is liable for the fact value, plus interest, for insurance proceeds that should have been paid out on October 12, 2005.

WHEREFORE, your Plaintiff prays this Honorable Court enter judgment against the Defendant in a sum certain to compensate your Plaintiff's estate from the breach of contract and loss of life insurance benefits that should have been paid upon Decedent's death.

<u>COUNT III</u>
<u>HEALTH INSURANCE</u>

13. Plaintiff reasserts its allegations contained in paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14. Pursuant to the employee handbook as distributed by the Defendant herein, health insurance was provided to all employees and their dependents for employees who had thirty days of continuous employment and said coverage was to continue until thirty days after termination from the company or upon the employee assuming less than thirty hour status.

15. Your Plaintiffs aver that the decedent went out on disability on September 4, 1974 and continued disabled until his death on October 12, 2005. As previously averred, Plaintiff never received a termination notice from the employer although Defendant avers that the employer terminated the Plaintiff on October 1, 1975. As proof in 1996, the Defendant provided to Plaintiff's wife an internal memo memorializing a termination for which the employee never received.

16. The employee handbook, which is the contract between the employer and the employee, states in relevant party "all eligible employees receive health insurance for themselves and their dependents. All employees and dependents will be covered after thirty continuous days of employment; the coverage will continue thirty days after termination from the company or upon assuming under thirty hour status, or if the employee takes an approved leave of absence".

17. In January of 1976 Defendant informed the Plaintiff's wife that she should seek her own health insurance but at no time did the employer advise the employee or employee's spouse that coverage was being terminated by reason of his termination from the company. In consequence, from that period of time forward to October 1, 1975 Plaintiff paid private health insurance premiums for a period of 20 years at his sole cost and expense. In consequence, your Plaintiff avers that because decedent was not properly terminated and never received notice of termination, benefits pursuant to the health insurance policy of the company should have been ongoing for a period of 31 years, no formal termination notice having ever been given to your Plaintiff. Further because the Plaintiff had family coverage, his wife and children had to make other arrangements during a period of 31 years when they should have been covered.

18. Decedent's representative upon researching the company's handbooks recognized that when no termination has been effective, the policy remains in full force and effect. In consequence thereof, Plaintiff paid 31 years of health insurance premiums that should have been paid by the Defendant for which Plaintiff's estate now asserts its claim against the Defendant. Additionally, your Plaintiff avers that by reason of the lack of insurance coverage as provided by the employer, Plaintiff's coverage was less than coverage he would have had and in consequence had to pay additional medical expenses that would have been insured had Defendant not summarily terminated Plaintiff's policy without proper notice.

WHEREFORE, your Plaintiffs pray this Honorable Court compensate the Estate of the Plaintiff in a sum certain to compensate for 31 years of lost premiums, including interest thereon, plus compensation for any expenses that would have been coverage had said policy remained in full force and effect and grant such other and further relief as this Honorable Court shall deem meet and just.

COUNT III
PENSION PLAN

13. Plaintiff reasserts its allegations contained in paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

14. Your Plaintiff avers that the employee handbook and contract provide for the employee, after 1,000 hours of service to the company, be granted retirement benefits. Specifically quoting from the policy manual "after one year of employment 1,000 hours, all employees are eligible for participation in the pension plan which is entirely paid for by the company at no cost to the employee".

15. Your Plaintiff's representative avers that Richard Frusher provided more than 1,000 hours of employment services prior to his disability to the Defendant. As such, he would be entitled to participation in the employee pension plan at no cost to himself. By virtue of the fact that the Plaintiff was never terminated from employment, said benefits should have been ongoing for 31 years. This is especially true given the fact the company continued to pay disability benefits for the same 31-year period to your Plaintiff. In consequence thereof, Plaintiff avers that he is entitled to his share of the pension plan for each of the years as calculated after his first 1,000 hours of service were performed for which your Plaintiff avers would be in calendar year 1973 through October 2005, the date of his death.

WHEREFORE, Plaintiff prays this Honorable Court compensate your Plaintiff in a sum certain, plus interest and costs, for the pension benefits which should have accrued to your Plaintiff during the 31 years of disability suffered by your Plaintiff and grant such other and further relief as this Honorable Court deems meet and just.

Estate of Richard Frusher
By their Attorney,

_______________________________

Seth Adam Perlmutter, Esquire #1735
**PERLMUTTER LAW**
949 Park Avenue
Cranston, RI 02910
Phone: 401-461-8880
Fax: 401-461-8902

PLAINTIFF DEMANDS TRIAL BY JURY
AND
DESIGNATES SETH ADAM PERLMUTTER AS TRIAL COUNSEL

STATE OF RHODE ISLAND
PROVIDENCE, SC.

PROBATE COURT OF THE
CITY OF CRANSTON

IN RE: RICHARD A. FRUSHER, SR.
NO. 26498

AFFIDAVIT

I, Seth Adam Perlmutter, upon oath depose and say as follows:

1. That I caused a copy of the within exemplar of notice to be sent to the heirs at law on November 8, 2006.

______________________________
Seth Adam Perlmutter, Esquire

Subscribed and sworn to before me in Cranston, Rhode Island this 8th day of November, 2006.

______________________________
Notary Public, Diane Osagie
My Commission Expires: 1/23/10